# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 14, 2021

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CASSIE KEENER, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | No. 16-791V |
| | \* | |
| v. | \* | Special Master Dorsey |
| | \* | |
| SECRETARY OF HEALTH | \* | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for petitioner.
Benjamin P. Warder, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On July 1, 2016, Cassie Keener ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2]  Petitioner alleged that she suffered a neurologically demyelinating disease as the result of an influenza ("flu") and tetanus-diphtheria-acellular-pertussis ("Tdap") vaccinations she received on November 4, 2013 and December 11, 2013, respectively.  Petition at 1 (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On September 30, 2020, petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys who worked on her case. Petitioner's Motion for Interim Attorneys' Fees and Costs ("Pet. Mot."), filed Sept. 30, 2020 (ECF No. 68). Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $68,064.10
**Attorneys' Costs** – $20,070.07
**Petitioner's Costs** – $77.74

Petitioner thus requests a total of $88,211.91. Respondent filed his response on October 14, 2020, stating that "respondent respectfully defers to the Special Master to determine a reasonable award for interim attorneys' fees and costs." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Oct. 14, 2020, at 3 (ECF No. 70).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** petitioner's motion and awards **$84,807.70** in attorneys' fees and costs.

## I.    DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid.

### A.    Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

Here, petitioner requests the following hourly rates for the attorneys, law clerk, and paralegals who worked on this matter:

**Sylvia Chin-Caplan – Attorney**
      2015-2016: $400.00

**K. Conway – Attorney**
      2016: $415.00

**Meredith Daniels – Attorney**
      2017: $286.00

**Christina Ciampolillo – Attorney**
      2015-2016: $300.00
      2017: $307.00
      2018: $342.00
      2019: $350.00
      2020: $380.00

**Ronald Homer – Attorney**
      2016: $400.00
      2017: $409.00
      2018: $421.00

2019: $430.00

**Lauren Faga - Attorney**
    2016: $265.00
    2017: $271.00
    2018: $279.00

**Joseph Pepper - Attorney**
    2017: $297.00
    2018: $305.00

**Paralegals**
    2015-2016: $135.00
    2017: $138.00
    2018: $142.00
    2019: $145.00
    2020: $155.00

**Law Clerk**
    2016: $145.00
    2017: $148.00
    2018: $152.00
    2019: $155.00

The undersigned finds that the requested rates are reasonable and in accordance with what these attorneys have previously been awarded for their Vaccine Program work.  See, e.g., Ginn v. Sec'y of Health & Hum. Servs., No. 16-1466V, 2020 WL 7774606 (Fed. Cl. Spec. Mstr. Dec. 4, 2020); Long v. Sec'y of Health & Hum. Servs., No. 18-857V, 2020 WL 5901725 (Fed. Cl. Spec. Mstr. Sept. 3, 2020); A.P. v. Sec'y of Health & Hum. Servs., No. 16-36V, 2020 WL 5407813 (Fed. Cl. Spec. Mstr. Aug. 13, 2020); Tafuri v. Sec'y of Health & Hum. Servs., No. 18-1667V, 2020 WL 5032478 (Fed. Cl. Spec. Mstr. July 24, 2020); Lapierre v. Sec'y of Health & Hum. Servs., No. 17-227V, 2020 WL 3046111 (Fed. Cl. Spec. Mstr. May 11, 2020); Agarwal v. Sec'y of Health & Hum. Servs., No. 16-191V, 2019 WL 2281744 (Fed. Cl. Spec. Mstr. Apr. 23, 2019); Rice v. Sec'y of Health & Hum. Servs., No. 15-1335V, 2018 WL 4784563 (Fed. Cl. Spec. Mstr. Aug. 27, 2018); Robinson v. Sec'y of Health & Hum. Servs., No. 14-915V, slip op. (Fed. Cl. Spec. Mstr. July 17, 2018).  The undersigned will therefore award the rates requested.

Petitioner also requested hourly rates between $135.00 and $155.00 per hour for work done by paralegals from 2015 to 2020.  These rates are consistent with such work previously awarded in the Program.  See, e.g., Ginn, 2020 WL 7774606, at *2; Lapierre, 2020 WL 3046111, at *2; Agarwal, 2019 WL 2281744, at *3; Rice, 2018 WL 4784563, at *2.  Therefore, the undersigned will award the rates requested.

### 1.  Reduction of Billable Hours

While petitioner is entitled to an award of attorneys' fees and costs, the undersigned has determined that a reduction in the number of hours billed by petitioner's counsel is appropriate.

The undersigned and her fellow special masters have previously emphasized the inefficiency that results when multiple attorneys work on one case.  See Sabella, 86 Fed. Cl. at 214-15 (affirming a special master's reduction of fees for overstaffing where three attorneys from two different firms worked on the same case); Van Vessem v. Sec'y of Health & Hum. Servs., No. 11-132V, 2018 WL 3989517, at *7 (Fed. Cl. Spec. Mstr. July 3, 2018) (finding that "it is not reasonable for both an attorney and a paralegal to bill for reviewing each filing in the case").  Such inefficiency is evident in this case.  Over the course of this litigation, seven attorneys and seven paralegals have billed their time.  See generally Pet. Mot. Tab A.  As a result, the firm billed considerable time for inter-office meetings, intra-office meetings, and other inefficiencies, such as multiple review of documents, court orders, medical records.  See, e.g., id. at 7-8 (multiple paralegals billing time for reviewing medical records status); id. at 24 (two attorneys updating the case file with the same filing); id. at 31-32 (multiple inter-office conferences and case meetings).

For the reasons stated above, the undersigned will decrease the requested attorneys' fees by 5%.  This results in a reduction of $3,403.21.

## B.  Attorneys' Costs

### 1.  Expert Fees

Petitioner requests $6,500.00 for work performed by Dr. Darin T. Okuda, which was a total of 13 hours, billed at an hourly rate of $500.00.  Pet. Mot. Tab B at 38, 50-51.

Dr. Okuda's expert costs of an hourly rate of $500.00 has previously been found reasonable and awarded in the Program.  See, e.g., Matte v. Sec'y of Health & Hum. Servs., No. 16-949V, 2019 WL 2273772, at *3 (Fed. Cl. Spec. Mstr. Apr. 22, 2019).  Additionally, the undersigned finds Dr. Okuda is a qualified expert as well as petitioner's treating physician.  Therefore, the undersigned finds Dr. Okuda's rate and time spent working on this case reasonable and compensates him in full.

### 2.  Miscellaneous Costs

Petitioner requests $13,570.07 to cover her attorneys' other miscellaneous expenses, including medical records, Fed Ex costs, the filing fee, travel costs, life care planner, and other expenses.  Pet. Mot. Tab B.  The undersigned finds almost all of these costs reasonable and well-documented, and awards them in full.[3]  However, the cost of the rental car is listed on the receipt as $68.73 and not $69.73 as calculated by petitioner.  Therefore, there is a reduction of $1.00.

---

[3] Petitioner did not provide full documentation of all expenses, specifically: (1) $38.33 postage service; (2) $42.50 photocopies; and (3) $15.00 for flash drives.  All invoices should be provided in future filings.

Of note, petitioner's life care planner, Ms. Maureen P. Clancy, charges $9,255.00 for life care planning services. Pet. Mot. Tab B at 55. This amounts to a total of 61.7 hours, billed at an hourly rate of $150.00. Id. Ms. Clancy has experience in the program and her rate of $150.00 an hour has previously been found to be reasonable. See, e.g., Raiche v. Sec'y of Health & Hum. Servs., No. 16-325V, 2020 WL 2374602, at *2 (Fed. Cl. Spec. Mstr. Apr. 6, 2020); Floyd v. Sec'y of Health & Hum. Servs., No. 13-556V, 2017 WL 1344623, at *6 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); H.J. v. Sec'y of Health & Hum. Servs., No. 11-301V, 2017 WL 2883889, at *4 (Fed. Cl. Spec. Mstr. June 2, 2017). The undersigned will therefore award the costs of the life care planner in full.

### C.   Petitioner's Costs

Petitioner requests $77.74 for medical records and other litigation expenses. Pet. Mot. Tab C. The undersigned finds these costs reasonable and well-documented, and awards them in full.

## II.   CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and counsel as follows:

|  |  |
|---|---|
| Requested Attorneys' Fees: | $ 68,064.10 |
| Reduction of Attorneys' Fees: | - ($3,403.21) |
| Awarded Attorneys' Fees: | $ 64,660.89 |
| | |
| Requested Attorneys' Costs: | $ 20,070.07 |
| Reduction of Attorneys' Costs | - ($1.00) |
| Awarded Attorneys' Costs: | $ 20,069.07 |
| | |
| Petitioner's Costs | $ 77.74 |
| Awarded Petitioner's Costs | $ 77.74 |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$ 84,807.70** |

**Accordingly, the undersigned awards:**

**(1) A lump sum in the amount of $84,729.96, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Ronald Homer.**

**(2) A lump sum in the amount of $77.74, representing reimbursement for reasonable costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>**/s/ Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.