# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 8, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| C. K., | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-791V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.
Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 1, 2016, C.K. ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of receiving the influenza ("flu") vaccine on November 4, 2013, and the tetanus-diphtheria-acellular-pertussis ("Tdap") vaccine on December 11, 2013, she suffered a neurologically demyelinating disease. Petition at Preamble (ECF No. 1). On June 15, 2023, the undersigned issued a Decision Based on Stipulation. Decision Based on Stipulation dated June 15, 2023 (ECF No. 146).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On November 20, 2023, Petitioner filed an application for attorney's fees and costs. Petitioner's Motion for Attorney Fees and Costs ("Pet. Mot."), filed Nov. 20, 2023 (ECF No. 158). Petitioner requests compensation in the amount of $91,504.88, representing $71,856.60 in attorney's fees and $19,648.28 in costs. Id. at 2. Pursuant to General Order No. 9, Petitioner warrants that she has not personally incurred any costs in pursuit of her claim for compensation. Id. Respondent filed his response on December 4, 2023, stating he "is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case." Respondent's Response to Pet. Mot., filed Dec. 4, 2023, at 2 (ECF No. 159). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards a total of $89,468.43.

## I.    DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

### A.    Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Ronald Homer, $447.00 per hour for work performed in 2020 and 2021, $475.00 per hour for work performed in 2022, and $500.00 per hour for work performed in 2023; for Ms. Christina Ciampolillo, $380.00 per hour for work performed in 2020 and 2021, $425.00 per hour for work performed in 2022, and $470.00 per hour for work performed in 2023; for Ms. Meredith Daniels, $350.00 per hour for work performed in 2021, $410.00 per hour for work performed in 2022, and $455.00 per hour for work performed in 2023; for Mr. Joseph Pepper, $455.00 per hour for work performed in 2023; and for Mr. Patrick Kelly, $305.00 per hour for work performed in 2023. Petitioner also requests rates between $155.00 and $185.00 per hour for work of her counsel's paralegals from 2020 to 2023.

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be largely reasonable. However, the undersigned finds a reduction in fees necessary due to numerous entries of duplicative billing. For example, both paralegals and attorneys, as well as multiple attorneys (particularly Ms. Ciampolillo and Ms. Daniels) billed for

the same office meetings and conferences, resulting in duplicative billing.[3]  This is not a new issue to counsel as this was raised in the decision awarding interim attorneys' fees and costs.  Decision dated Apr. 14, 2021, at 5 (ECF No. 75).  Moreover, the entries indicate Mr. Homer and a paralegal billed for a "case meeting" where they reviewed the "interim fee decision and reductions."  Pet. Mot. at 9.  The undersigned will deduct half of the amount billed, resulting in a reduction of $2,036.45.[4]

### B.   Attorneys' Costs

Petitioner requests a total of $19,648.28 in attorney's costs.  This amount is comprised of acquiring medical records, FedEx and other shipping costs, and travel reimbursement, and experts' costs.  The undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation.  Accordingly, the full amount of costs shall be awarded.

## II.   CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

---

[3] These meetings/conferences were on March 26, 2021 ($38.00 + $15.50); March 30, 2021 ($76.00 + $15.50 + $70.00 + $38.00); April 12, 2021 ($15.50 + $114.00); April 15, 2021 ($15.50 + $44.70); April 26, 2021 ($15.50 + $38.00); May 19, 2021 ($38.00 + $15.50); June 2, 2021 ($38.00 + $15.50); June 11, 2021 ($38.00 + $15.50); June 17, 2021 ($44.70 + $38.00); June 28, 2021 ($38.00 + $15.50); July 16, 2021 ($31.00 + $76.00); August 3, 2021 ($38.00 + $15.50); August 10, 2021 ($38.00 + $35.00); August 24, 2021 ($15.50 + $38.00); August 26, 2021 ($31.00 + $152.00); September 13, 2021 ($38.00 + $15.50); September 21, 2021 ($76.00 + $31.00); September 29, 2021 ($105.00 + $114.00); October 4, 2021 ($76.00 + $31.00); October 12, 2021 ($15.50 + $38.00); February 22, 2022 ($17.00 + $42.50); May 2, 2022 ($42.50 + $17.00); May 9, 2022 ($82.00 + $170.00); June 7, 2022 ($85.00 + $82.00); June 21, 2022 ($42.50 + $17.00); June 27, 2022 ($127.50 + $123.00); July 11, 2022 ($85.00 + $82.00); July 20, 2022 ($82.00 + $85.00); July 21, 2022 ($246.00 + $255.00); August 2, 2022 ($17.00 + $42.50); November 9, 2022 ($42.50 + $17.00); December 5, 2022 ($123.00 + $127.50); December 21, 2022 ($42.50 + $17.00); January 31, 2023 ($18.50 + $47.00); and February 24, 2023 ($47.00 + $45.50).

[4] ($38.00 + $15.50 + $76.00 + $15.50 + $70.00 + $38.00 + $15.50 + $114.00 + $15.50 + $44.70 + $15.50 + $38.00 + $38.00 + $15.50 + $38.00 + $15.50 + $38.00 + $15.50 + $44.70 + $38.00 + $38.00 + $15.50 + $31.00 + $76.00 + $38.00 + $15.50 + $38.00 + $35.00 + $15.50 + $38.00 + $31.00 + $152.00 + $38.00 + $15.50 + $76.00 + $31.00 + $105.00 + $114.00 + $76.00 + $31.00 + $15.50 + $38.00 + $17.00 + $42.50 + $42.50 + $17.00 + $82.00 + $170.00 + $85.00 + $82.00 + $42.50 + $17.00 + $127.50 + $123.00 + $85.00 + $82.00 + $82.00 + $85.00 + $246.00 + $255.00 + $17.00 + $42.50 + $42.50 + $17.00 + $123.00 + $127.50 + $42.50 + $17.00 + $18.50 + $47.00 + $47.00 + $45.50) ÷ 2 = $2,036.45.

4

| | |
|---|---|
| Attorneys' Fees Requested | $71,856.60 |
| (Total Reduction from Billing Hours) | -$2,036.45 |
| **Total Attorneys' Fees Awarded** | **$69,820.15** |
| | |
| Attorneys' Costs Requested | $19,648.28 |
| (Reduction of Costs) | -$0.00 |
| **Total Attorneys' Costs Awarded** | **$19,648.28** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$89,468.43** |

**Accordingly, the undersigned awards $89,468.43 in attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Ronald Homer.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

                                                                           <u>s/Nora Beth Dorsey</u>
                                                                           Nora Beth Dorsey
                                                                           Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.